UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES NALDER, Guardian ad litem for minor C.N., real party in interest, and GARY LEWIS, Individually,<br><br>          Plaintiffs,<br><br>vs.<br><br>UNITED AUTOMOBILE INSURANCE, et al.,<br><br>          Defendants. | Case No. 2:09-cv-1348-ECR-GWF<br><br>ORDER |

      Defendant, United Automobile Insurance Company, has filed a motion (#75) for Plaintiff to post cost bond on appeal pursuant to Fed. R. App. P. 7. Plaintiff has opposed (#79) the motion, and Defendant has filed a reply (#80) in support of the motion.

      Fed. R. App. P. 7 provides:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule.

/ / /

/ / /

Fed. R. App. P. 38 provides:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Federal Rule Appellate Procedure 39 provides in part as relevant here:

> (a) Against Whom Assessed. . . . .
>
>   (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
>
>   (2) if a judgment is affirmed, costs are taxed against the appellant;
>
>   (3) if a judgment is reversed, costs are taxed against the appellee;
>
>   (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.
>
> * * *
>
>  (c) Cost of Copies.  Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f).  The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.
>
> *   *   *
>
>  (e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district

1         court for the benefit of the party entitled to costs under
2         this rule:
3             (1) the preparation and transmission of the
4         record;
5             (2) the reporter's transcript, if needed to
6         determine the appeal;
7             (3) premiums paid for supersedeas bond or other
8         bond to preserve rights pending appeal; and
9             (4) the fee for filing the notice of appeal.

10     At one time, bonds for costs on appeal were required in every case in the
11 amount of $250.00.  However, as the rule has evolved through the years, the
12 requirement of posting such a bond and the amount of it has become a matter of
13 discretion for the district court.  The rule now reads that "the district court may
14 require an appellant to file a bond or provide other security in any form and
15 amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.
16 There do not appear to be any specific, useful tests for the exercise of the court's
17 discretion.
18     However, the rule contains the words "a bond . . . [in] amount necessary to
19 ensure payment of costs on appeal." Fed. R. App. P. 7.  This suggests that we
20 might require a basis for concern as to whether the appellant will pay costs which
21 may be taxed or ordered against him in accordance with Fed. R. App. P. 39(a).
22 The 1979 Committee Advisory Note to Rule 7 indicates that the discretion to be
23 exercised by the court concerns the "need for a bond for costs," which could in
24 turn relate the willingness of the appellant to pay or the possibility of indigency
25 of the appellant.
26     In the case at bar, there is no particular showing of a "need" for the bond,
27 beyond the fact that the appellee anticipates expending funds in relation to the
28 defense of the appeal and would like a bond to be posted to assure those costs

1  will be paid.  Here, there is no indication in the record at this juncture that
2  appellant will not pay or be able to pay such costs at the conclusion of the appeal
3  if unsuccessful.  Obviously, the eventual position, condition and willingness of
4  appellant to pay costs cannot be ascertained at this time.
5       The merits of the appeal do not appear to play a part at this stage of the
6  analysis.  While we believe we have correctly decided the issues in the case, we
7  do not believe that the appeal is merely frivolous.   If the appeal is found to be
8  frivolous by the court of appeals, that court may award single or double costs.
9  There is some authority that the district court may not increase the amount of
10 bond based on the relative merits of the appeal.  This at least indirectly bears on
11 the issue discussed here.
12      We conclude that it has not been shown the posting of such a bond is
13 necessary to ensure payment of costs on appeal.
14      There is another problem in relation to the motion.  This is the nature of
15 the costs which appellee asserts should be the basis for fixing the amount of the
16 bond.  The $400 for copying, binding, sending, and filing appellee's brief may be
17 supported by Federal Rule of Appellate Procedure 39(e), and 28 U.S.C. § 1920.
18 In addressing the issue of whether such costs should include attorneys' fees
19 where fee shifting statutes may so provide, the Ninth Circuit in <u>Azizian v.</u>
20 <u>Federated Department Stores, Inc.</u>, 499 F.3d 950 (2007), has pointed out that
21 Federal Rule of Appellate Procedure Rule 7 does not define costs on appeal and
22 holds that Rule 39 was not intended to define costs for purposes of Rule 7.
23 Further <u>Azizian</u> , <u>id.</u>, holds that the costs enumerated in Rule 39 are among the
24 costs available on appeal but not necessarily the only costs allowable on appeal.
25 So it is not exactly certain which costs on appeal may be taxed or used as a basis
26 for setting a bond for costs on appeal.  Nonetheless, the idea of costs on appeal
27 suggests that they would be limited to the sort of costs described in Rule 39(c),
28 39(e), and 28 U.S.C. § 1920, and to attorneys' fees in accordance with the

4

Azizian case per Ninth Circuit authority.  Generally, costs for airfare for attorneys to fly to the site of a hearing before the court of appeals or hotel room/lodging for the attorneys traveling to the hearing have not been considered "costs" or "taxable costs" in these types of analyses.

IT IS THEREFORE ORDERED that Defendant United Automobile Insurance Company's motion for plaintiff to post cost bond on appeal (#75) is **DENIED**.

DATED this 14th day of October 2011.

_____
EDWARD C. REED, JR.
United States District Judge